Dodge v. NH State Prison          CV-98-491-M   03/24/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Raven Dodge,
      Petitioner

      v.                                        Civil No. 98-491-M

Warden, New Hampshire
State Prison,
      Respondent


**O R D E R**


     In September of 1996, petitioner, Raven Dodge, was convicted by a Merrimack County (New Hampshire) jury of burglary.  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, asserting that two of the trial court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law.  Specifically, petitioner alleges that the trial court erred: (1) by requiring him to wear a leg brace (to hinder any potential escape attempt) during a jury view of the crime scene; and (2) in denying his motion for judgment of acquittal based upon insufficiency of the evidence.  Neither argument has merit and neither requires extensive discussion.


I.   Sufficiency of the Evidence.

     When presented with a petition challenging the sufficiency of the evidence, a reviewing court must "assay the evidence in the light most amiable to the government, draw all reasonable inferences in its favor, and determine whether, so viewed, a

rational factfinder could conclude, beyond a reasonable doubt, that the government proved" each of the essential elements of the crime of conviction. United States v. Torres, 162 F.3d 6, 9 (1st Cir. 1998). Here, the evidence produced by the State at trial is more than sufficient to support petitioner's conviction. Among other things, it included evidence: (1) which demonstrated that petitioner matched the general description of the burglar given by an eye witness; (2) that tracks in the fresh snow led police from the burglarized restaurant to the general area in which defendant was seen walking (during the early morning hours with few if any competing foot tracks) and, after petitioner ran away when he observed officers following him, fresh tracks in the snow again betrayed his location; (3) that the shoe impressions left in the snow by the burglar matched the shoes which petitioner was wearing when he was arrested shortly after the burglary (and following the brief foot chase); and (4) that petitioner was in possession of numerous items which linked him to the crime, among which were pieces of paper bearing the words "Harry's" (the burglarized restaurant is called "Harry's Steakhouse") and "61" (the restaurant is located at 61 South Main Street), as well as several serial numbers, default combinations, and instructions for various brands of safes.

The jury could easily have found defendant guilty beyond any reasonable doubt on that evidence. Indeed, it is difficult to

2

imagine a jury not returning a guilty verdict based upon the evidence revealed in the record.

II.   The Leg Brace.

Petitioner also challenges the trial court's decision to require him to wear a leg brace (under his clothing and barely, if at all, visible to the jurors) during the jury's view of the crime scene.  The matter was first brought to the court's attention by the Sheriff's Department, which was charged with providing security during the trial and transporting the petitioner.  The court was advised of petitioner's lengthy criminal record, his attempts to evade authorities on the night he was arrested, the fact that, if convicted, he would likely face a substantial term of imprisonment, and the possibility that he might try to escape while participating in the jury's view of the restaurant or while walking the streets near the crime scene.

The trial judge conducted a hearing on the matter, at which she heard from both defense counsel and the State.  The court concluded that the use of the knee brace was both warranted and appropriate.  It also concluded that the jurors were unlikely even to be aware of the fact that petitioner was wearing it.  Moreover, to the extent that petitioner was concerned that some jurors might be aware of the brace, the court offered to explain to the jury why it was being worn by petitioner.

3

A criminal defendant has a right not to appear before a jury in prison attire and, generally speaking, not to be viewed by the jury while wearing shackles or restraints. Nevertheless, there are certainly circumstances in which a court may properly exercise its discretion and take reasonable and measured steps to insure the safety of court personnel and prevent a defendant's escape. See, e.g., United States v. Santiago-Lugo, 167 F.3d 81, 83 (1st Cir. 1999) ("with respect to decisions about security at trial, the trial judge must be accorded broad discretion.") (citation and internal quotation marks omitted); Woodard v. Perrin, 692 F.2d 220, 221 (1st Cir. 1982) ("in appropriate circumstances, the accused's right to the indicia of innocence before the jury must bow to the competing rights of participants in the courtroom and society at large.") (citation omitted). See also United States v. Hack, 782 F.2d 862, 867 (10th Cir. 1986).

Here, the trial court did not abuse its discretion in requiring petitioner to wear the leg brace during the view. Use of the brace was a reasonable and measured means by which to address the legitimate threat that petitioner might attempt to escape. Moreover, it was unobtrusive and there is no evidence that the jury was even aware that petitioner was wearing it. Thus, it imposed upon petitioner none of the obvious indicia of incarceration and/or dangerousness (as would, for example, handcuffs or leg irons). Finally, having decided that she would require petitioner to wear the brace, the trial judge offered to

4

resolve any fears on petitioner's part that the jury might draw improper inferences by proposing to explain to the jury that petitioner was wearing a knee brace and why. Petitioner rejected that offer. Alternatively, of course, petitioner could have asked for a jury instruction directing the jurors to disregard the knee brace (to the extent that any juror was aware of it) and to refrain even from speaking about it during their deliberations. Petitioner made no such request.

## Conclusion

Petitioner has failed to demonstrate that there is any genuine issue of material fact with regard to the question of whether either of the trial court's challenged rulings "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254. The State, on the other hand, has demonstrated that it is entitled to judgment as a matter of law with regard to each of petitioner's claims. Accordingly, respondent's motion for summary judgment (document no. 20) is granted. Petitioner's motion for summary judgment (document no. 13) is denied and his remaining pending motions (document no. 8, 10, 21, and 25) are denied as moot. The Clerk of the Court is directed to enter judgment in accordance with this order and close the case.

5

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 24, 1999

cc:  Raven Dodge
     John C. Kissinger, Esq.